OPINION
Defendant-appellant Brian Hosey appeals the October 29, 1999 Judgment Entry of the Licking County Court of Common Pleas which denied his motion to modify or reduce sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 17, 1998, the Licking County Grand Jury indicted appellant with one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.33.1(B)(3); one count of driving under the influence, in violation of R.C.4511.19(A)(1); and one count of driving under suspension, in violation of R.C. 4507.02(B)(1). On March 3, 1999, appellant withdrew his pleas of not guilty and entered pleas of guilty to each count in the indictment. In a March 4, 1999 Judgment Entry, the trial court found appellant guilty of all counts and sentenced appellant to one year in jail for the charge of failure to comply and 180 days in the Licking County Jail for the remaining two counts. The trial court further ordered the sentences on the two misdemeanors to be served consecutively. On April 22, 1999, appellant filed a Motion for Judicial Release. In a May 11, 1999 Judgment Entry, the trial court granted appellant's motion. In a May 20, 1999 Judgment Entry, the trial court modified appellant's sentence to five years of community control with specific sanctions. The order specified, "violation of this sanction may lead to reimposition of the sentence reduced pursuant to judicial release."
On May 28, 1999, appellee filed a Motion to Revoke Community Control. The trial court granted this motion in a June 3, 1999 Judgment Entry. Accordingly, the trial court reimposed the original sentence in a July 16, 1999 Judgment Entry. On September 30, 1999, appellant filed a Motion to Modify or Reduce Sentence. This motion was denied via an October 29, 1999 Judgment Entry. It is from that judgment entry appellant prosecutes this appeal assigning as error:
 A TERM OF INCARCERATION THAT FAILS TO ACHIEVE THE PURPOSE AND PRINCIPLES OF SENTENCING IS CONTRARY TO LAW.
 I
Appellant's sole assignment of error attacks the original March 4, 1999 Judgment Entry of conviction and sentencing. The time for appeal of that judgment entry has run. Appellant cannot now collaterally attack that judgment by appealing the trial court's October 29, 1999 judgment. This appeal is not a delayed appeal.
Accordingly, we have no jurisdiction to review the issues presented. Appellant's appeal is dismissed.
 ___________________ Hoffman, P.J.
FARMER, J. and WISE, J. CONCUR.